**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON TWARDZIK,<br>*Plaintiff*,<br><br>v.<br><br>HUMANA,<br>*Defendant*. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 26-CV-8516 |

**MEMORANDUM**

**Pappert, J.** **November 12, 2026**

Jason Twardzik filed this lawsuit against Humana alleging that his health insurance records were manipulated, causing him financial harm. Twardzik seeks to proceed *in forma pauperis*. The Court grants Twardzik leave to do so and dismisses his Complaint.

I[1]

Twardzik alleges that his "health insurance account and records [have been] altered and/or deleted at minimum 12 times" since September 1, 2026. (Compl. at 3.) This cost Twardzik $700 he otherwise could have "spent on food or clothing or medical care." (*Id.*) He does not specify the problems with his health insurance records or clarify how those problems translated into a $700 loss. (*Id.*) He claims Humana "demonstrated intent not to rectify the situation" and "possibly caused [him] permanent injury." (*Id.*)

In that regard, Twardzik claims to have been "racially harassed" by a Humana employee handling one of his complaints and alleges that a manager—who was also

[1] The following allegations are taken from Twardzik's Complaint and attached exhibits (Dkt. No. 2). The Court adopts the sequential pagination supplied by CM/ECF.

presumably handling one of his complaints—"demonstrate[ed] extreme malice with possible criminal conspiracy" by asking him "When you are done with this call – where are you going." (*Id.*) Twardzik suggests that by asking this question, the manager evinced a "possible intent to conspire to murder." (*Id.*) In addition to contacting Humana about the situation, Twardzik "sent multiple communications to the FBI and congress" about these events. (*Id.*) He attached one of those communications—an email to the FBI, Humana, a government whistleblower account and "X Access Support"—as an exhibit to his Complaint. (*Id.* at 6.) The email suggests that Twardzik blames the issues with his Humana account on hackers, President Trump or both. (*Id.*) The title of the email indicates that Twardzik resent it "because DJT [*i.e.*, President Trump] hacked and edited last email." (*Id.*)

Based on these allegations, Twardzik brings claims for alleged violations of his Fourth and Fourteenth Amendment rights. (*Id.* at 2.) The Court also understands him to be pursuing claims under Pennsylvania law, since he indicated an intent to invoke the Court's diversity jurisdiction. (*Id.*) Twardzik seeks $100,000 in compensatory damages, and $100,000 in punitive damages. (*Id.* at 4.)

II

Twardzik may proceed *in forma pauperis* because it appears that he does not have the ability to pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). At the screening stage, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "Jurisdictional [issues] . . . 'may be raised at any time' and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).

## III

### A

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting

under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citation omitted). Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks and citation omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citation modified).

Nothing in the Complaint suggests that Humana, a private health insurance company, could be considered a state actor subject to liability under § 1983. *See, e.g.*, *Arsenis v. Horizon Blue Cross Blue Shield of N.J.*, No. 24-4513, 2026 WL 1146620, at *4 (D.N.J. Apr. 28, 2026) (dismissing § 1983 claims against health insurance company for lack of state action); *Brizuela v. Highmark Blue Cross Blue Shield of Pennsylvania*, No. 23-337, 2023 WL 2937636, at *3 (W.D. Pa. Mar. 22, 2023) (holding that private health insurance company was not a state actor and rejecting argument that "regulatory oversight of health insurance companies" changes that conclusion), *report and recommendation adopted*, 2023 WL 2931941 (W.D. Pa. Apr. 12, 2023); *Clinkscale v. Temple Univ.*, No. 19-1026, 2019 WL 4959406, at *4 (E.D. Pa. Oct. 7, 2019) ("Keystone

First, which the Court assumes is Clinkscale's Medicaid health insurance provider, appears to be a non-state actor entity." (footnote omitted)). In any event, Twardzik has not alleged a constitutional violation or any other substantive basis for a plausible federal claim against Humana. The Court dismisses Twardzik's constitutional claims accordingly.[2]

B

It appears Twardzik also intends to bring claims under state law, although the nature of those claims is not apparent. Regardless, there is no independent basis for the Court's jurisdiction over any such claims.[3] The only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412,

---

[2] Certain of Twardzik's allegations—such as those accusing Humana employees of conspiring to murder him or suggesting that the President of the United States played a role in hacking his health insurance records—rise to the level of factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that dismissal under § 1915 for frivolity is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible"); *Nduka v. Williams*, 410 F. Supp. 3d 719, 721 (E.D. Pa. 2019) ("Federal courts routinely dismiss allegations regarding broad-based conspiracies of computer hacking, surveillance, tracking, and the like, as factually frivolous under § 1915 where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible." (citing cases)).

[3] The Court declines to exercise supplemental jurisdiction having dismissed Twardzik's federal claims. *See Henglein v. Informal Plan for Plant Shutdown Benefits for Salaried Emps.*, 974 F.2d 391, 398 (3d Cir. 1992) ("[I]t is well settled that, after disposal of a federal claim, a district court has discretion to hear, dismiss, or remand a supplemental claim for which there is no independent basis for federal subject matter jurisdiction." (citations omitted)).

419 (3d Cir. 2010) (citations omitted). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) (citation omitted); *see also Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938))).

Twardzik alleges that he is a citizen of Pennsylvania and has alleged in a conclusory manner that Humana is a citizen of Kentucky. (Compl. at 3.) But it is not clear what his allegation of Humana's citizenship is based upon since it is unclear whether Humana is alleged to be a corporation or other type of entity and how its structure translates into citizenship. In any event, Twardzik has not satisfied the amount in controversy. Many of Twardzik's allegations of injury—"starvation, lack of clothing, lack of medical treatment, severe aggration [sic] of back surgery, [and] severe lack of sleep" (Compl. at 4)—are entirely unsupported by the alleged facts of his Complaint as is his request for $100,000 in damages. *See Hafer v. Farmers Ins. Agency*,

No. 22-0808, 2022 WL 17555522, at *2 (E.D. Cal. Dec. 9, 2022) ("Making a claim in good faith means a plaintiff's estimations of the amounts recoverable must be realistic and objective, not based on fanciful, pie-in-the-sky, or simply wishful amounts." (citation modified)); *Chouduri v. Wells Fargo Bank, N.A.*, No. 15-3608, 2016 WL 3212454, at *3 (N.D. Cal. Jun. 10, 2016) (concluding that unsupported damages request did not meet amount in controversy); *see also Mariano v. 61-63 Bond St. F&B*, No. 22-7189, 2023 WL 2329854, at *4 (E.D.N.Y. Mar. 2, 2023) ("Plaintiff's bare and conclusory allegations are insufficient to establish plausibly that the amount in controversy requirement has been met."). To the contrary, it appears that the amount in controversy here is $700—the amount of money that Twardzik allegedly lost as a result of the issues he experienced due to problems with his Humana records. However, even assuming he would be entitled to punitive damages atop that amount, due process concerns would limit his recovery to an amount far below the jurisdictional threshold. *See Elansari v. Tinder, Inc.*, 784 F. App'x 114, 115 (3d Cir. 2019) (*per curiam*) ("The Supreme Court has explained that 'few [punitive-damages] awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.'" (alteration in original) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)); *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 321 (3d Cir. 2010) (*per curiam*) (affirming dismissal of state law claims for lack of subject matter jurisdiction where complaint sought $1433.59 in compensatory damages and $161,600 in punitive damages). Accordingly, the Court cannot exercise diversity jurisdiction over any state claims.

IV

For the foregoing reasons, the Court grants Twardzik leave to proceed *in forma pauperis* and dismisses his Complaint. Amendment of the constitutional claims would be futile, but Twardzik will be given an opportunity to file an amended complaint if he can state a proper basis for diversity jurisdiction over his state claims.[4] Alternatively, he may opt to file those claims in state court, where the limits of federal jurisdiction will not be an issue. An appropriate Order follows, which contains additional instructions about amendment.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**Gerald J. Pappert, J.**

[4] The Court expresses no opinion on the merit of Twardzik's state claims. Should Twardzik file an amended complaint in this Court he must provide more than just the "bare bones" and conclusory legal assertions he offers in this Complaint and provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.